## IN THE COURT OF APPEALS OF IOWA

No. 17-0860
Filed July 19, 2017

**IN THE INTEREST OF N.M. and J.B.,**
**Minor Children,**

**B.B., Mother,**
        Appellant.

_____

        Appeal from the Iowa District Court for Black Hawk County, David F.
Staudt, Judge.


        A mother appeals the termination of her parental rights to her children.
**AFFIRMED.**


        Joshua M. Moon of Dutton, Braun, Staack & Hellman, P.L.C., Waterloo,
for appellant mother.

        Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney
General, for appellee State.

        Timothy M. Baldwin of Juvenile Public Defender's Office, Waterloo,
guardian ad litem for minor children.


        Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

A mother appeals the termination of her parental rights to her children. She contends the State failed to prove the grounds for termination. She seeks additional time to prove she can safely parent the children. Upon our de novo review, *see In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014), we affirm.

**I. Background Facts and Proceedings.**

The Iowa Department of Human Services (DHS) became involved with this family due in part to the mother's history of relationships with men who engage in domestic violence. Before J.B. and N.M. were born, the juvenile court removed two older children from the mother's care as a result of that history, the unsafe condition of her home, and failure to supervise the children. The juvenile court has since terminated the mother's parental rights to the older children.

In spite of the services the mother had already been receiving from the DHS, when J.B. was two weeks old, the mother left the child in her apartment unsupervised. The mother also exposed J.B. to domestic violence in the home. The mother consented to J.B.'s removal from her care and adjudication as a child in need of assistance (CINA). N.M. was removed from the mother's care at birth due to ongoing concerns about the mother's ability to provide safe parenting. The mother later stipulated to N.M.'s CINA adjudication and placement with the DHS.

The State filed petitions to terminate the mother's parental rights to J.B. and N.M. After a hearing, the juvenile court entered its order terminating the mother's parental rights to both children pursuant to Iowa Code section 232.116(1)(g) and (h) (2016). The mother appeals.

**II. Analysis.**

Before the court may terminate parental rights, it must find clear and convincing evidence supporting one of the grounds for termination listed under section 232.116(1). *See In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). The district court terminated the mother's parental rights under section 232.116(1)(g) and (h). We may affirm the termination order if there is evidence to support termination under one ground. *See id.* at 707.

The court may terminate parental rights under Iowa Code section 232.116(1)(h) if the evidence shows the following:

> (1) The child[ren are] three years of age or younger.
> (2) The child[ren have] been adjudicated [children] in need of assistance pursuant to section 232.96.
> (3) The child[ren have] been removed from the physical custody of the child[ren]'s parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child[ren] cannot be returned to the custody of the child[ren]'s parents as provided in section 232.102 at the present time.

The mother does not dispute the State proved the first three elements.

With regard to the final requirement that the children cannot be returned to the parent, "at the present time" means "at the time of the termination hearing." *D.W.*, 791 N.W.2d at 707. At the time of the termination hearing, the mother's visits remained supervised. As the juvenile court observed, the mother

> has made little, if any, progress since 2015. She has failed to make any improvement in her parenting abilities or skills. She continues to place her children in danger while exercising supervised visitation. She has placed her needs above the needs of her children. She has been involved romantically with men that are poor choices for her and her children. They have been abusive to her. She has been the victim of domestic abuse . . . . [The mother] continues to make poor choices concerning her relationships.

> [The mother] has been unable to show to the [DHS] that she is capable of monitoring and parenting her children. She must continue to be prompted to feed and change diapers. She has great difficulty in getting the children organized and transferred at the time of visitation. The children have been in danger during her visitation. Her children have also created potentially dangerous situations while at the hospital. It would appear that [the mother] cannot keep her children safe.

We give weight to these findings, which are supported by the record. *See In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).

Once we determine the statutory grounds for termination exist, we must determine whether termination is in the children's best interest. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014). In doing so, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The children's safety is one of the "defining elements" of the best-interest determination. *See In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially). As stated above, the mother is unable to keep the children safe. It is in the children's best interests to terminate mother's parental rights.

Iowa Code section 232.116(3) provides the circumstances in which the court "need not terminate the relationship between the parent and child." These provisions are permissive, not mandatory. *See also In re C.L.H.*, 500 N.W.2d 449, 454 (Iowa Ct. App. 1993), *overruled on other grounds by In re P.L.*, 778 N.W.2d 33, 39-40 (Iowa 2010). The decision to apply one of the statutory exceptions to termination is discretionary and depends on the child's best interests under the circumstances of that particular case. *See id.*

The mother argues termination could be avoided under the exception provided in section 232.116(3)(c) because there is clear and convincing evidence that termination would be detrimental due to the closeness of the parent-child relationship. The record does not support her assertion. J.B. was less than one year old at the time of removal, and the mother has not provided care for J.B. for over half of the child's life. N.B. was a newborn at the time of removal, and the mother has never provided care for N.B. The mother failed to attend visits with the children consistently. There is no evidence of a parent-child bond that would render termination of the mother's parental rights detrimental to either child.

The mother also claims termination of J.B. should be avoided under the exception provided in section 232.116(3)(a) (providing an exception to termination if a relative has legal custody of the child). Although J.B. was placed in the care of relatives, no relative has legal custody of the child. *See A.M.*, 843 N.W.2d at 112, 113 (noting that although A.M. was in the care of her grandparents, she was not in their legal custody, making section 232.116(3)(a) inapplicable). The mother's claim that guardianship of J.B. "could have been transferred to a relative under Iowa Code section 232.104(3)" is unpersuasive.

Finally, the mother asks for additional time to prove the children can be returned to her care. However, despite several years of involvement with the DHS, the mother has been unable to develop the necessary parenting skills to provide safe and consistent parenting for these children. As the juvenile court found:

> [The mother] has made little, if any, progress over the years. She continues to participate at between a 50% and 75% attendance rate in [DHS] programming. She has been offered

parent education classes . . . [but] has failed to attend any meetings . . . since February of this year. . . . [The service provider] believes that [the mother] is incapable of utilizing the learned skills or has chosen not to put to use the information she has gained.

[The mother]'s participation in mental health counseling has been described as "hit and miss." . . . She has failed to make significant progress in addressing those same mental health issues.

[The mother] may have good intentions; however, her mental health diagnosis and lack of ability or desire to change are barriers to long-term advancement. Her perpetual failure to improve her parenting skills prevents her from meeting department expectations. She fails to keep her children safe during visits. She has not attended all visits. Her children can be described as being at great risk of harm because of her poor choices. She can concentrate on only one child at a time. It appears that she is unable to tend to two children at a time. . . .

[The mother] may attempt to parent her children, but her children are in danger when in her care. Additional time for [the mother] will not solve her issues. [The mother] has been involved with the [DHS] and its programming for years. She has failed to adequately grasp the necessary improvements she must make in her parenting skills to allow her children to return to her home.

Delaying termination is contrary to the children's best interests. *See In re D.J.R.*, 454 N.W.2d 838, 845 (Iowa 1990) ("We have long recognized that the best interests of a child are often not served by requiring the child to stay in 'parentless limbo.'" (citation omitted)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *See P.L.*, 778 N.W.2d at 41; *see also In re A.C.*, 415 N.W.2d 609, 613-14 (Iowa 1987) (noting it is important to fix child custody quickly to avoid parentless limbo and holding that once the statutory time limits for termination have been met, it is unnecessary to take any more from the children's future).

We affirm the order terminating the mother's parental rights to J.B. and N.M.

**AFFIRMED.**